UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WATKIN, | 1: 07 CV 01282 0WW  WMW HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTIONS FOR STAY OF PROCEEDINGS |
| v. | [Doc. 23, 20] |
| DERRAL G. ADAMS, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On February 29, 2008, Respondent filed an answer in this case. On March 20, 2008, Petitioner filed a motion for a stay of these proceedings in order to exhaust his state judicial remedies as to claims 1, 2 and 4. Petitioner filed a second motion requesting the same relief on September 5, 2008.

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S.269, 276, 125 S.Ct. 1528, 1534 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274

(9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the court does not find good cause to excuse Petitioner's failure. Petitioner had multiple opportunities to present his claims to the state courts, for example, on collateral review.  He failed to do so. Staying the case at this juncture, after Respondent has filed his answer, in order to allow Petitioner to pursue a round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534. Accordingly, Petitioner's motions for stay of the proceedings are hereby DENIED.

IT IS SO ORDERED.

Dated:   September 12, 2008            /s/  William M. Wunderlich
                                       UNITED STATES MAGISTRATE JUDGE