UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY WATKIN, | ) | 1:07-CV-01282-OWW-JMD-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| DERRAL G. ADAMS, et. al, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Anthony Watkin ("Petitioner") is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

In 2004, a jury convicted Petitioner of three counts of second degree robbery. (Lod. Doc. 3 at 3). With respect to one of the robbery counts, the jury found Petitioner personally used a knife in the commission of the robbery. (Id.) Petitioner waived his right to a jury trial with respect to the People's allegation that Petitioner had suffered two prior serious felony convictions, and the Superior Court found the allegation to be true. (Id.).

On June 16, 2005 Petitioner filed a direct appeal of his conviction in the California Court of Appeal. (Id. at 1). The California Court of Appeal affirmed Petitioner's conviction in a reasoned decision issued on February 8, 2006. (Lod. Doc. 6). Petitioner filed a petition for review before the California Supreme Court on February 11, 2006. (Lod. Doc. 4). The California Supreme Court summarily denied the petition for review on April 19, 2006.

On March 8, 2007, Petition filed a petition for writ of habeas corpus before the California Supreme Court. (Answer at 2). The California Supreme Court summarily denied the petition on July 25, 2007.

Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California on August 27, 2007. (Pet. at 1). It appears that Petitioner filed a second state habeas petition in an attempt to exhaust certain claims after filing his federal petition. (*See* Doc. 23). The California Supreme Court summarily denied Petitioner's second state habeas with citation to two California cases concerning denial of untimely petitions. *See In re Watkin*, 2009 Cal. LEXIS 2799 (Cal. 2009) (citing *In re Clark*, 5 Cal.4th 750 (1993); *In re Robbins*, 18 Cal.4th 770, 780 (Cal. 1998).

The Court ordered Respondent to file responsive pleading on November 30, 2007. Respondent filed an answer to the petition on February 29, 2008. Petitioner filed a traverse on October 2, 2008.[1]

## Factual Background[2]

Anthony Watkin [was convicted by a jury] of three counts of second degree robbery, one including the personal use of a knife. (Pen. Code, §§ 211; 12022, subd. (b)(1).) The court found true that appellant had suffered prior serious felony convictions. (§ 667, subds. (b)-(i); 1170.12, subds. (a) - (d).) The trial court sentenced appellant to prison for twenty-five years to life for each robbery conviction, a consecutive one year term for the use of a knife, another consecutive one year term for the prior prison enhancement and five consecutive years each for the prior serious felonies for a total term of 75 years to life plus 12 years....

In June of 2001 appellant entered an Arco Mini-Mart gas station, got a bottle of soda and told the two clerks to give him money from the cash register. The clerks did not take him seriously which apparently upset him, and he threatened to shoot them (though no weapon was visible.) The clerks gave him approximately $ 300 and he left, telling them not to call the police or he would come back and kill them.

Four days later, appellant robbed Romero's Pizza in Fresno. He entered the store and demanded money from the clerk. He had his hand in his shirt as if he had a gun. He then directed the employees to the back of the store and threatened to "blow up" the store if they did not comply.

---

[1] The pleading Petitioner filed on October 2 is titled "Motion to Respondent's Motion to Dismiss." Respondent has not filed a motion to dismiss; rather, Respondent asserts in its answer to the petition that the petition may be dismissed for lack of exhaustion. Because Petitioner's October 2 pleading addresses the merits of Respondent's answer (including arguments unrelated to the exhaustion issue), the Court construes the pleading as a traverse.

[2] The Court adopts the factual summary of the California Court of Appeal's unpublished decision denying Petitioner's direct appeal of his conviction. (Lod. Doc. 6).

A few days later, appellant again entered Romero's Pizza. The clerk recognized him as the robber from a few days before and started to walk to the back of the store. Appellant told her it was the last time he would rob her because he was going to Mexico and "I've got a gun, so put the money in the bag." The clerk gave appellant the money from the store and saw a knife in appellant's hand. The police stopped appellant shortly thereafter....

[Appellant claims] that the trial court erred in denying his belated Code of Civil Procedure section 170.6 request. Subdivision (d) of section 170.3 of the Code of Civil Procedure specifies: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding." This expedited procedure is the exclusive means for appellate review. (People v. Hull (1991) 1 Cal.4th 266, 269-275.)

When his case became ready for trial assignment it was assigned from the master calendar to Department 60. Appellant did not file a challenge to the Department 60 assignment until he had already been assigned to Department 60. Section 170.6, subdivision (a)(2) provides that, "If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial." It is undisputed appellant failed to make his motion in a timely manner under the statute...

Appellant next contends the prosecutor committed misconduct in closing argument when he pointed out appellant's failure to present any evidence that a hat alleged to have been worn during the robberies and recovered by the police in his impounded car was not his. The prosecutor stated: "What about the test for hair samples? People presented evidence from Ms. Campise, Ms. Sepulveda and a security still photo that shows a hat was worn. We then presented the hat. If DNA evidence -strike that. But the defense felt there wasn't any evidence -logical material evidence to show that wasn't his hat.

Defense counsel objected and the objection was overruled. Appellant now contends this argument constituted improper comment on his failure to testify in violation of Griffin v. California (1965) 380 U.S. 609, 14 L. Ed. 2d 106 (Griffin ). Appellant claims the above argument "directly called into question appellant's failure to testify and explain about the hat found in the impounded car." We disagree. While appellant is correct that he had no duty to testify and "explain about the hat," appellant's argument ignores the obvious intent of the prosecutor's comment. The prosecutor continued, "If that DNA sample could have ruled it out, why not do it?"...

[A]ppellant contends the trial court abused its discretion when it refused to strike one of his priors... trial court has discretion under the three strikes law to dismiss or vacate prior conviction allegations or findings in the furtherance of justice....Before ruling on appellant's Romero motion, the trial court heard argument in the motion and commented that while appellant "doesn't appear to be the type of person who would do anything violent at the time of the robbery," that he "still has a deadly weapon and he still committed the robberies." The court went on to note that "As much as I think he seems to be a nice individual he commits robberies. And this is what the law was designed to do, to put away people who commit robberies." The court declined to exercise its discretion to strike a strike.

Petitioner raises several additional claims not addressed by the California Court of Appeal. As discussed above, the trial court enhanced Petitioner's sentence pursuant to California's three strikes law based on Petitioner's prior convictions. Petitioner contends that when he plead guilty to his prior offenses, he did so based on the State's representations that the convictions could be used to

enhance future sentences pursuant to the then-existing California Penal Code sections, not the three strikes sentencing scheme passed after Petitioner plead guilty to the prior offense. Thus, Petitioner claims that the trial court's imposition of the three strikes sentencing enhancements violated the terms of Petitioner's prior plea agreements. In a separate but related claim, Petitioner contends that the trial court improperly imposed three strikes sentencing enhancements without submitting the question of whether Petitioner had suffered two prior serious felonies to the jury.

Petitioner also raises several ineffective assistance of counsel claims. Petitioner asserts that his trial counsel was ineffective for failing to bring a motion to exclude evidence obtained through an illegal arrest and unconstitutional line-up procedure; failing to call a key witness for Petitioner; failing to bring a motion to exclude knives entered as evidence against Petitioner; failing to request a continuance in order to permit a black female juror to continue service on the jury; failing to attack the credibility of certain witnesses; and failing to produce documents that supported Petitioner's defense.

Finally, Petitioner contends that the trial court prejudiced Petitioner by informing the jury that Petitioner had previously been convicted of a felony.

## I. Venue and Jurisdiction

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);[3] 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375, n.7 (2000). Venue for a habeas corpus petition is proper in the judicial district where the prisoner's trial was held. *See* 28 U.S.C. § 2241(d).

Petitioner's trial was conducted in Fresno County, California. As Petitioner asserts that he is being held in violation of his right to due process under the United States Constitution, and because

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Fresno County is within the Eastern District of California, the Court has jurisdiction to entertain Petitioner's petition and venue is proper in the Eastern District. 28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

**II.  Standard of Review**

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).

**III.  Petitioner's Claims**

**A. Petitioner's Claims Concerning California Code of Civil Procedure 170.6**

**1. Trial Court Error**

Petitioner contends that the trial court committed error in denying Petitioner's motion under California Code of Civil Procedure section 170.6, which prohibits California judges from trying matters in which the judge is prejudiced against a party to the action. The California Court of Appeal rejected Petitioner's claim of trial court error in the only reasoned decision issued by the State on Petitioner's section 170.6 claim. The Court of Appeal held that Petitioner failed to bring a timely motion under section 170.6. (Lod. Doc. 6).

Petitioner's allegation of trial court error fails to state a claim for federal habeas relief. Federal habeas corpus relief is generally unavailable for alleged error in the interpretation or

application of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).[4] To the extent Petitioner's claim regarding section 170.6 asserts a due process violation on the basis of judicial bias, Petitioner has failed to meet his burden of establishing that the trial judge was actually biased against Petitioner.

The Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge. *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008). To succeed on a judicial bias claim, however, the petitioner must "overcome a presumption of honesty and integrity in those serving as adjudicators." *Id.* (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Absent evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are critical or disapproving of, or even hostile to, counsel, the parties, or their cases. *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Petitioner offers no evidence to support his conclusory allegation of judicial bias. Petitioner merely states, "Petitioner feels that [sic] trial judge was bias [sic] toward him, because of the 170.6 challenge." (Pet. at 17). Petitioner's unsupported, circular contention fails to rebut the presumption that his trial judge was not biased. Accordingly, the State court decisions rejecting Petitioner's claim of judicial bias were not objectively unreasonable, and therefore Petitioner is not entitled to relief on his section 170.6 claim.

### 2. Ineffective Assistance of Counsel

Petitioner asserts that his trial counsel was ineffective for failing to bring a timely motion under section 170.6 to disqualify the trial court judge. The California Court of Appeal issued the last reasoned decision denying Petitioner's ineffective assistance of counsel claim. The Court of Appeal held that Petitioner failed to demonstrate that he suffered prejudice as a result of his counsel's failure

---

[4] The Supreme Court has noted the possibility that in some instances, an error of state law may be sufficiently egregious to amount to a denial of due process or equal protection. *See ,e.g., Pulley v. Harris*, 465 U.S. 37, 41 (1984). Petitioner's claim of error regarding section 170.6 does not implicate the type of state law error contemplated by the High Court in *Pulley*. Petitioner does not allege an equal protection violation, and the Supreme Court has defined the category of infractions that violate the fundamental fairness doctrine of due process "very narrowly." *E.g. Dowling v. United States*, 493 U.S. 342, 352 (1990). No clearly established federal law holds that the fundamental fairness doctrine of the due process clause is violated by a state court's erroneous denial of a defendant's motion to disqualify a judge absent a showing that the judge was actually biased against the defendant.

to bring a timely motion under section 170.6. (Lod. Doc. 6).

For Petitioner to prevail on his ineffective assistance of counsel claims, he must show: (1) that counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. *E.g., Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court evaluating an ineffective assistance of counsel claim does not need to address both components of the test if the petitioner cannot sufficiently prove one of them. *Id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1151-52 (9th Cir. 1998). Establishing counsel's deficient performance does not warrant setting aside the judgment if the error had no effect on the judgment. *Seidel v. Merkle*, 146 F.3d 750, 757 (9th Cir. 1998). A petitioner must show prejudice such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

As the California Court of Appeal noted, Petitioner fails to establish that he suffered any prejudice as a result of his counsel's failure to bring a timely motion under section 170.6. Petitioner has not demonstrated that the trial judge was actually biased against him, and Petitioner presented no evidence before the state courts to establish a reasonable probability that had his counsel brought a timely motion under section 170.6, the result of Petitioner's trial would have been different. Accordingly, the State court decisions rejecting Petitioner's ineffective assistance of counsel claim were not objectively unreasonable, and Petitioner is not entitled to relief on this claim.

**B. Petitioner's Plea Bargain Claim**

Petitioner contends that the trial court's imposition of three strikes sentencing enhancements based on Petitioner's prior convictions violated the terms of the plea bargain agreements underlying the prior convictions. Petitioner's contention is based on his assertion that the versions of the penal code in place at the time Petitioner entered his plea were "an intrinsic part" of his plea agreement. (Pet. at 23). In the only State court adjudication of Petitioner's plea bargain claim, the California Supreme Court summarily denied Petitioner relief with citation to *In re Robbins*, 18 Cal. 4th 770, 780 (Cal.1998) and *In re Clark*, 5 Cal. 4th 750 (Cal. 1993). Where state courts fail to provide a reasoned decision for denial of a habeas petition, federal habeas courts must independently review the record to determine whether the denial was objectively unreasonable. *E.g., Musladin v.*

*Lamarque*, 555 F.3d 830, 835 (9th Cir. 2009).

A criminal defendant's right to due process entitles her to enforce the terms of a plea agreement. *Santobello v. New York*, 404 U.S. 257, 261-262 (1971). "Plea agreements are contractual in nature and are measured by contract law standards." *United States v. De La Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993). In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. *Id.* The construction and interpretation of state court plea agreements and the concomitant obligations flowing therefrom are matters of state law. *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (quoting *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3). As the Ninth Circuit explained in *Buckley*:

> In California, "[a] negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles," *People v. Shelton*, 37 Cal. 4th 759, 767 (2006), and "according to the same rules as other contracts," *People v. Toscano*, 124 Cal. App. 4th 340, 344 (2004) (cited with approval in Shelton along with other California cases to same effect dating back to 1982). Thus, under Adamson, California courts are required to construe and interpret plea agreements in accordance with state contract law.

441 F.3d at 694. Accordingly, the Court turns to California law to determine whether Petitioner has established a breach of his plea agreement.

Under California law, a plea bargain is "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy." *People v. Gipson*, 117 Cal. App. 4th 1065, 1070 (Cal. Ct. App. 2004) (citing *In re Marriage of Walton*, supra, 28 Cal. App. 3d at p. 108). Thus, absent an express promise that the convictions resulting from Petitioner's plea agreements would not be used to enhance Petitioner's sentences for future convictions in a way other than proscribed by the then-existing version of California's Penal Code, the plea agreements vested no rights other than those which related to the immediate disposition of the case. *See id.* (citing *Way v. Superior Court of San Diego County*, 74 Cal. App. 3d 165, 180 (Cal. Ct. App. 1977); *see also Buckley*, 441 F.3d at 698 (affording relief where court's express statements created ambiguity as to the terms of the plea agreement).

Here, Petitioner fails to provide sufficient evidence to carry his burden of establishing that the California Supreme Court's rejection of his claim was objectively unreasonable. *See, e.g., Baylor v.*

*Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996) (a petitioner bears the burden of establishing entitlement to relief under section 2254). Petitioner has not produced any writings evincing the terms of his plea agreements. Further, Petitioner does not allege that he was promised or even told during plea negotiations that his convictions would only be used to enhance possible future sentences in accordance with the then-existing sentencing regime. Petitioner's conclusory allegation that the prosecution "established" that he would only be subject to the enhancements entailed by former versions of the California Penal Code is insufficient to develop the factual basis for his breach of plea bargain claim. Because the Court finds that Petitioner did not exercise reasonable diligence in presenting the factual basis for his breach of plea agreement claim in State court, Petitioner is precluded from presenting additional evidence in this proceeding. *See* 28 U.S.C. § 2254(e). Accordingly, Petitioner is not entitled to relief on his plea bargain claim.

**C. Prosecutorial Misconduct Claim**

Petitioner contends that the prosecutor made an inappropriate comment on Petitioner's refusal to testify during the people's closing argument. At trial, one piece of evidence that was used to link Petitioner to the crime was a hat found in Petitioner's vehicle. (Pet. at 28). During closing argument, the prosecutor stated:

> What about the test for hair samples? People presented evidence from Ms. Campise, Ms. Sepulveda and a security still photo that shows a hat was worn. We then presented the hat. If DNA- strike that. But the defense felt there wasn't any evidence- logical material evidence to show that wasn't his hat...If a DNA sample could have ruled it out, why not do it?

(Lod. Doc. 6 at 5). The California Court of Appeal applied the appropriate legal standard and denied Petitioner's claim. (Lod. Doc. 6 at 7-8) (citing *Griffin v. California*, 380 U.S. 609 (1965)).

The Fifth Amendment of the United States Constitution forbids comment by the prosecution on the accused's refusal to testify. *E.g., Griffin*, 380 U.S. at 615. However, a prosecutor may comment on the failure of the defense to produce evidence other than the defendant's testimony. *See, e.g., Cook v. Schriro*, 538 F.3d 1000, 1020 (9th Cir. 2008). Directing the jury's attention to the lack of evidence in support of a defense theory is constitutionally permissible. *Id.*

The record demonstrates that the prosecution made no express reference to Petitioner's decision not to testify; rather, the prosecution simply pointed out that Petitioner did not offer DNA

evidence which could have potentially established that he never wore the hat in question. The Court of Appeal noted, correctly, that "the unexplained failure to produce evidence can be the subject of appropriate comment by a prosecutor." (Lod. Doc. 6 at 6). The Court of Appeal also concluded that "given that the prosecutor immediately referred to the absence of DNA evidence and made no comment or implication regarding appellant's failure to testify after mentioning the hat, there is no reasonable likelihood the jury interpreted the prosecutor's closing arguments as indirectly commenting on appellant's failure to testify at trial." (Id.). The Court cannot say that the Court of Appeal's determination was objectively unreasonable. Accordingly, Petitioner is not entitled to relief on his claim of *Griffin* error.

### D. Petitioner's Romero[5] Claim

Petitioner contends that the sentencing court "abused its discretion" in denying Petitioner's request to strike one of Petitioner's prior felony convictions for the purposes of sentencing. (Pet. at 32). The California Court of Appeal rejected Petitioner's contention, noting that the trial court considered all relevant factors and exercise its discretion appropriately . (Lod. Doc. 6 at 8-9).

Alleged error in the application of state sentencing laws is not cognizable in a federal habeas action unless the error implicates a constitutional right. *See Fetterly v. Paskett*, 997 F.2d 1295, 1300 (9th Cir. 1993) (state sentencing error cognizable in habeas action only to the extent error implicated prisoner's right to due process) *cert. denied*, 513 U.S. 914 (1994). In some instances, a sentencing court's error of law may implicate a defendant's due process rights. *See Ballard v. Estelle*, 937 F.2d 453, 456-67 (9th Cir. 1991) (noting that sentencing defendant under a statute that does not apply to the defendant's crime could violate due process); *see also Fetterly* 997 F.2d at 1300 (noting the possibility that failure to consider mitigation criteria, as required by statute, could render imposition of death penalty unconstitutional).[6] Here, however, Petitioner does not allege that the sentencing

---

[5] In *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (Cal. 1996), the California Supreme Court held that a trial court may, in the interest of justice, strike an allegation that a defendant committed prior serious felonies pursuant to its authority under California Penal Code section 1385.

[6] Petitioner's allegations do not implicate the type of liberty interest discussed in *Ballard* and *Fetterly*. Petitioner's interest in having a prior conviction stricken under California Penal Code § 1385(a) pales in comparison to the liberty interests at stake in *Ballard* and *Fetterly*. In *Ballard*, the liberty interest implicated by the petitioner's allegation was the right to not be sentenced under a statute which the legislature did not intend to apply to petitioner's crime; in other words, the right to be free from unauthorized punishment. 937 F.2d at 456-67 In *Fetterly*, the petitioner alleged that the sentencing court failed

court sentenced him under an inapplicable statute or that the sentencing court failed to consider the relevant criteria in denying Petitioner's *Romero* motion. Petitioner contends merely that the sentencing court abused its discretion. This Court may not disturb the California Court of Appeal's finding that the sentencing court's denial of Petitioner's Romero motion was not an abuse of discretion. *E.g. Estelle,* 502 U.S. at 68.

### E. Petitioner's Cunningham Claim

Petitioner contends that his sentence violates his rights under the Sixth Amendment to the United States Constitution because the sentencing court enhanced Petitioner's sentence based on facts not found true beyond a reasonable doubt by the jury; specifically, the fact of Petitioner's prior convictions. (Pet. at 37) (citing *Cunningham v. California,* 549 U.S. 270 (2007) for the proposition that Sixth Amendment requires a jury to make findings of fact before such facts may be used to expose defendant to a sentence beyond statutory maximum). Petitioner's claim lacks merit. The rule espoused in *Cunningham* does not apply to the fact of a prior conviction. *E.g., Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000). Petitioner was thus was not entitled to a jury finding on the issue of his prior convictions. Petitioner has no colorable sentencing error claim under the Sixth Amendment. Accordingly, the State court's rejection of Petitioner's sentencing claim was not objectively unreasonable and Petitioner is not entitled to relief on this claim. *Lockyer*, 538 U.S. at 75.

### F. Petitioner's Ineffective Assistance of Counsel Claims

Petitioner contends his trial counsel was ineffective because counsel 1) failed to bring a motion to "have [Petitioner's] illegal arrest and unconstitutional line-up dismissed;" 2) failed to call a key witness for Petitioner and failed to bring a motion to have certain knives excluded from evidence; 3) failed to present Petitioner's bank statements to the jury; 4) failed to allow a one-day continuance in order to keep an African American juror on the jury; and 5) failed to attack the credibility of certain witnesses.

///

---

to follow its statutory commands in sentencing petitioner to death for his crimes. 997 F.2d at 1300. Petitioner points to no authority which supports the proposition that a prisoner has a protected liberty interest in having a prior conviction stricken under a discretionary statute such as section 1385.

In order for Petitioner to prevail on his ineffective assistance of counsel claims, he must show: (1) that counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. *E.g., Strickland*, 466 U.S. at 687. A court evaluating an ineffective assistance of counsel claim does not need to address both components of the test if the petitioner cannot sufficiently prove one of them. *Id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1151-52 (9th Cir. 1998). Establishing counsel's deficient performance does not warrant setting aside the judgment if the error had no effect on the judgment. *Seidel v. Merkle*, 146 F.3d 750, 757 (9th Cir. 1998). A petitioner must show prejudice such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. As discussed below, Petitioner cannot establish prejudice resulting from any of his allegations of deficient performance.

**1. Petitioner's Illegal Arrest and Line-up Claim**

Petitioner's factual allegations are insufficient to establish a claim for relief, as Petitioner has not alleged sufficient facts for the Court to conclude that either his arrest or in-field line-up were unconstitutional. Because Petitioner failed to develop the factual basis for this claim before the State courts, Petitioner is precluded from doing so in this action. *See* 28 U.S.C. § 2254(e)(2).

Petitioner alleges merely that there were inconsistencies between two witness' descriptions of the assailant they saw and Petitioner's appearance *on the day he was arrested*. (Pet. at 41). Although Petitioner does allege that the police officer responsible for the in-field line-up failed to follow procedure, Petitioner does not allege facts sufficient to establish that, under all the circumstances, the in-field line-up created "a very substantial likelihood of irreparable misidentification" and therefore was unconstitutionally suggestive. *E.g. Manson v. Brathwaite*, 432 U.S. 98, 115 (1976).

Petitioner cannot satisfy the prejudice prong of the *Strickland* test without establishing that either his arrest or line-up was unconstitutional, because absent such a showing, the Court cannot determine whether there is a reasonable probability that Petitioner would have receive a more favorable outcome had his counsel moved to suppress the evidence at issue. Even assuming a motion to exclude evidence of the witnesses' prior identification would have been granted, the

witnesses both identified Petitioner during trial. (Pet. at 41-42). Thus, in order for Petitioner to demonstrate prejudice resulting from his counsel's omissions, Petitioner would have to establish not only that his line-up was unconstitutional, but that the witnesses' subsequent identification at trial was so tainted by the line-up that their live testimony would have been excluded. *See, e.g., United States v. Wade*, 388 U.S. 218, 241 (1967). Petitioner has failed to even allege facts sufficient to demonstrate prejudice. Accordingly, the State court's rejection of Petitioner's claim was not objectively unreasonable, and Petitioner is not entitled to relief on this claim.[7]

### 2. Counsel's Failure to Call a Witness

Petitioner contends his trial counsel was ineffective for failing to call a witness in Petitioner's defense, Clarence Summerfield. In a related claim, Petitioner contends that his trial counsel was ineffective for failing to bring a motion to exclude the knives found in Mr. Summerfield's car during Petitioner's arrest. (Id. at 46-47). With respect to Petitioner's claims regarding the knives found in Mr. Summerfield's car, Petitioner's allegations are insufficient to state a claim for relief, as they do not reveal any colorable basis for exclusion of the knives from evidence.

With respect to counsel's decision not to call Mr. Summerfield as a witness, the record demonstrates that counsel's decision was reasonable and that Petitioner suffered no prejudice as a result of the decision. The only indication on the record of what Mr. Summerfield might have testified to is found in Exhibit A to the petition. (Pet. at 44). According to a report prepared by defense counsel's investigator, Mr. Summerfield stated that he picked Petitioner up at an intersection with the intention of giving Petitioner a ride to a friend's house. (Pet. at 44). Mr. Summerfield's statement to the defense investigator is inconsistent with Petitioner's version of the facts, as Petitioner contends that Mr. Summerfield was driving Petitioner to check on a damaged vehicle at a tow yard near the scene of the crime. (Pet. at 46). This inconsistency provided a reasonable strategic basis for counsel's decision not to call Mr. Summerfield. Further, a review of Mr. Summerfield's statement reveals that there is no reasonable probability that, had counsel called him to testify, the result of Petitioner's trial would have been different. The only testimony Mr. Summerfield could

---

[7] At the end of each ineffective assistance of counsel claim, Petitioner makes the conclusory allegation that counsel's deficient performance was based in part on a conflict of interest; however, Petitioner fails to identify any such conflict.

have provided to support Petitioner's defense was that Mr. Summerfield did not see Petitioner carrying knives when he entered Mr. Summerfield's car. (Pet. at 44). Mr. Summerfield also might have testified that the previous owners of the car could have left the knives in the car, as it was purchased only a few days before Petitioner's arrest. (Id.). Such testimony would have been of very little probative value, especially in light of the eye-witnesses testimony and other evidence offered against Petitioner. It is extremely unlikely that Mr. Summerfield's testimony would have changed the outcome of Petitioner's trial. Accordingly, the State court's rejection of Petitioner's claim was not objectively unreasonable, and Petitioner is not entitled to relief.

### 3. Failure to Produce Petitioner's Bank Statements

Petitioner contends that his trial counsel should have presented evidence of Petitioner's finances to the jury. (Pet. at 50-51). Specifically, Petitioner contends that his attorney should have presented evidence that Petitioner was receiving unemployment insurance and had one-hundred dollars in his bank account at the time of the crime; Petitioner avers this evidence would have undercut the prosecutions theory regarding Petitioner's motive for the robberies. (Id.). In light of the evidence on the record, it is extremely unlikely that evidence of Petitioner's financial status would have had *any* positive effect on Petitioner's defense at all, let alone changed the outcome of Petitioner's trial. Accordingly, the State court's rejection of Petitioner's claim was not objectively unreasonable, and Petitioner is not entitled to relief .

### 4. Juror Claim

Petitioner contends his trial counsel was ineffective for failing to obtain a one-day continuance in order to retain an African American juror on the jury.[8] (Pet. at 52). Petitioner cannot possibly establish that, had the juror remained on his jury, the result of his trial would have been different. Accordingly, the State court's rejection of Petitioner's claim was not objectively unreasonable, and Petitioner is not entitled to relief.

///

---

[8] A Random citation to *Batson v. Kentucky*, 471 U.S. 1052 (1986) appears amidst Petitioner's various ineffective assistance of counsel claims. To the extent Petitioner is attempting to assert a *Batson* violation, the Court notes that such a claim is unexhausted, does not relate to any conduct on the part of the prosecution, and fails to allege sufficient facts to state a prima facie *Batson* claim.

**5. Impeachment Claim**

Petitioner contends his trial counsel was ineffective for failing to impeach the credibility of two witnesses called by the prosecution. (Pet. at 55). Petitioner fails to identify the witnesses, fails to provide a factual basis for his assertion that they where biased against him, and fails to indicate any basis for impeachment. Petitioner cannot establish deficient performance or prejudice with respect to this claim. Accordingly, the State court's rejection of Petitioner's claim was not objectively unreasonable, and Petitioner is not entitled to relief.

**G. Petitioner's Claim of Judicial Misconduct**

Petitioner contends that the trial court improperly told the jury that Petitioner had suffered previous felony convictions. A review of the record reveals that Petitioner's claim lacks merit.

The jury was instructed that Petitioner had been convicted of a prior felony based on the a stipulation between defense counsel and the prosecution. (Lod. Doc. 7 at 1490). The sole purpose of the trial court's instruction was to establish a necessary element of the offense of felon in possession of a firearm; the trial court instructed the jury not to consider the evidence for any other purpose, and this Court must presume the jury followed the trial court's command. *E.g. Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Accordingly, the State court's rejection of Petitioner's claim was not objectively unreasonable, and Petitioner is not entitled to relief on this claim.

## **RECOMMENDATION**

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.

The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 11, 2010**              /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE